IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                        No. 12 CR 0964 MV

ARTHUR GALLEGOS,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Suppress Evidence (Doc. 31). The Court has considered the motion, the Government's response, and the relevant law, and being otherwise fully informed, **FINDS** that the motion shall be **DENIED** for the reasons stated herein.

### BACKGROUND

The relevant facts are undisputed. On January 20, 2012, an anonymous tipster phoned the Albuquerque Police Department's ("APD") Special Investigation Division. The tipster stated that a robbery was to occur at 1725 Girard SE, Apartment D, where an unnamed male lived. The tipster stated that the purpose of the robbery was to steal narcotics, cash, and stolen firearms, as the target of the robbery was a drug dealer. The caller provided specific locations within the apartment for the narcotics and firearms.

The APD's Repeat Offender Project determined that Defendant Arthur Gallegos lived at the apartment. APD detectives then established surveillance outside the apartment. They observed a male and female leave the apartment in a blue Chevrolet.[1] The occupants of the

---

[1] Neither the parties nor the discovery provided explicitly state that this male was Defendant, but the Government assumes so in its argument. Resolution of this factual issue will not affect the Court's analysis.

1

Chevrolet met with individuals in another vehicle at a nearby park, where detectives observed them engage in what they believed to be a hand-to-hand narcotics transaction. The Chevrolet then returned to the apartment, and the male and female entered the apartment.

Approximately ten minutes later, detectives observed a silver Honda pull into the parking lot of the apartment building. The driver made a phone call, after which Defendant exited the apartment and entered the Honda. The Honda drove to a location where a different detective was conducting surveillance. The detective observed the two males in the Honda conduct what he believed to be a hand-to-hand narcotics transaction. The Honda then returned to the apartment complex, and Defendant exited the vehicle and entered the apartment.

Defendant then exited the apartment, entered the Chevrolet, and drove out of the apartment complex. Pursuant to the detectives' request, a marked APD patrol vehicle conducted a traffic stop. Defendant first accelerated, but then stopped the vehicle. He exited the vehicle and began to walk away from the police car, at which point he was arrested for eluding an officer. Following Defendant's arrest, the arresting officer opened the door of the car, which had tinted windows, to see if any other occupants were present. The detective detected an odor of marijuana, and Defendant immediately admitted that he had been smoking marijuana.

While this stop was taking place, another detective attempted to contact the female who was in Defendant's apartment. The woman, later identified as America Enriquez, claimed she was locked inside the apartment without a key. The detective contacted the officer who had made the traffic stop, who found the key on Defendant's key chain and brought it to the apartment. The detectives then opened the door and began speaking with Ms. Enriquez. They immediately smelled marijuana in the apartment. They told her that they were there because of the anonymous call, which predicted a robbery would be taking place later that day. She

2

admitted that she knew at least one ounce of marijuana was in the apartment.  She also stated that she had seen Defendant with handguns in the past.

The detectives remained outside the residence and secured search warrants for the apartment and the car.  Upon obtaining warrants, the officers located large amounts of cash, three firearms, five pounds of marijuana, and a scale and other paraphernalia in the apartment.  They located marijuana, cocaine, and MDMA in the vehicle.  Defendant now moves to suppress all the evidence the officers seized.

## DISCUSSION

### I.   Scope of the Court's Analysis

Defendant asserts just one argument in his motion to suppress.  He states that the evidence must be suppressed because "[t]he stop of the vehicle . . . was based on information from a tipster whose veracity, reliability, and basis of knowledge was not suitable documented, corroborated or tested."  Doc. 31 at 5.  Defendant does not acknowledge that it was not only the informant's tip, but also the fact that officers observed him engage in at least one hand-to-hand narcotics transaction, that formed the basis for the traffic stop.  Nor does Defendant challenge the validity of either warrant the officers obtained to search his home and vehicle.

Because both searches were conducted pursuant to search warrants, it is those warrants, and not the tipster's phone call, that furnished the basis for the searches.  The law regarding tips from confidential informants is relevant only when a search was conducted *based on* the informant's tip.  *See United States v. Hendrix*, 664 F.3d 1334, 1338 (10th Cir. 2011) ("Where, as here, probable cause is based on an informant's tip, the court makes a probable cause determination based on the totality of the circumstances, including the informant's veracity, reliability, and basis of knowledge") (citation omitted); *see also United States v. Campbell*, 603

F.3d 1218, 1234 (10th Cir. 2010) ( discussing the "relevant factors in deciding whether a tip can support probable cause").  Accordingly, the Court will limit its analysis to the validity of the warrants.  As Defendant asserted no arguments and submitted no authority to suggest that either warrant was invalid, the Court has determined that it would be improper to hold a hearing on the instant motion to suppress.

## II.     Relevant Law

When a search is conducted pursuant to a warrant, suppression of evidence "should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." *United States v. Leon*, 468 U.S. 897, 918 (1984).  This is because the exclusionary rule will have no deterrent effect if the officers who committed the violation acted with an objective good-faith belief that the warrant was properly issued by a neutral magistrate." *United States v. Campbell,* 603 F.3d 1218, 1225 (10th Cir. 2010) (quotation omitted).

In *Leon*, the Supreme Court identified four extreme contexts in which the good-faith exception to the warrant requirement does not apply: (1) the magistrate who issued the warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) the issuing magistrate wholly abandoned his judicial role; (3) the affidavit supporting the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) the warrant is so facially deficient that a reasonable officer could not presume it to be valid.  *Leon*, 468 U.S. at 923.  If a warrant is unsupported by probable cause but none of these four circumstances are present, the good-faith exception applies and the evidence may not be suppressed.

### III.   Analysis

Both affidavits supporting the search warrants were completed by Detective Matt Vollmer, who has worked with APD since 2004.  *See* Docs. 32-1 at 3; 32-2 at 3.  In both affidavits, he requests warrants to search for drugs, drug paraphernalia, currency, and firearms.  Although the affidavits contain identical language, it is not *boilerplate* language; rather, the language is copied and pasted because the same set of facts and information supported the request for warrants for each location.

The affidavit first describes the anonymous tip that APD received about the impending robbery.  It goes on to describe the surveillance the officers conducted, as well as the fact that the officers witnessed Defendant engaging in drug transactions.  The affidavit then describes the traffic stop and consequent arrest for eluding an officer, including the smell of marijuana and Defendant's admission that he had been smoking.  It describes the scene at the apartment, where officers opened the door for Ms. Enriquez, and immediately smelled marijuana.  Ms. Enriquez told them that Defendant keeps most of his drugs in the kitchen.  She further told them that she did not know if he had guns in the apartment, but she had seen him with guns before.

The circumstances described in the warrant affidavit provide probable cause to believe that Defendant was selling drugs out of his apartment.  Not only did the officers observe Defendant leave his apartment and engage in at least one drug transaction, but they smelled marijuana in both the car and the apartment, and Ms. Enriquez admitted that drugs were present.  While she did not know if guns were present, she stated that she had seen Defendant with guns before.  In addition, an anonymous tip – which perhaps, standing alone, would not have supported a probable cause finding – contributed to the probable cause analysis.  The tipster advised as to the presence of guns, drugs, and large amounts of cash in the apartment.

Even if the Court were to assume that the judge who issued the warrants erred in his determination of probable cause, the evidence uncovered as a result of the searches can be suppressed only if one of the four exceptions to the good-faith rule applies.  Defendant has not alleged that Detective Vollmer included false information, or made statements in reckless disregard for the truth, so this exception does not apply.  Nor is he is not entitled to a hearing on this issue under *Franks v. Delaware*, 438 U.S. 154 (1978).   Defendant has made no allegation and put forth no evidence that the judge who issued the warrants abandoned his impartial role.  The final two exceptions – that the warrants themselves were so facially deficient or the affidavits supporting them were so utterly lacking in probable cause that no reasonable officer would rely on them – also do not apply.

## CONCLUSION

Because the searches of Defendant's car and residence were conducted pursuant to valid warrants, the Court can identify no basis to suppress the evidence uncovered as a result of either search.  Even if the warrants were somehow defective, the good-faith exception would apply.  It is **HEREBY ORDERED** that Defendant's Motion to Suppress Evidence (Doc. 31) is **DENIED**.

Dated this 3rd  day of April, 2013.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiff:*
Louis Valencia

*Attorney for Defendant:*
Angela Arellanes